## JORDAN v. THE STATE INSURANCE COMPANY.

1. **Insurance**: WAIVER BY COMPANY OF CONDITION OF POLICY: FACTS CONSTITUTING. Where the defendant's agent was authorized to solicit and forward applications for insurance, to deliver policies and to collect and transmit premiums, and the company through him issued a policy to plaintiff upon an application containing a statement and warranty as to the occupancy of the building, which the agent knew to be false, *held* that the company was charged with the agent's knowledge of the failure of the warranty, and that, by the collection of the premiums, it waived the failure and become liable for a loss occurring under the policy.

ADAMS and REED, J. J., *dissenting.*

*Appeal from Kossuth District Court.*

FRIDAY, JUNE 13.

ACTION at law upon a policy of insurance. There was a judgment upon a verdict for plaintiff, from which defendant appeals. The facts of the case appear in the opinion.

*J. B. Johnson*, and *Wright, Cummins & Wright*, for appellant.

*Whiting S. Clark*, and *J. Harry Call*, for appellee.

BECK, J.—I. There is no dispute touching the facts that the policy was regularly issued by defendant and is, in form, a valid instrument; that the premium was received by defendant, and that the property insured was destroyed by fire. The defense to the action urged by defendant is based upon the alleged violation by plaintiff of a warranty in the policy and in the application upon which it was issued, relating to the occupancy of the building insured. The policy contains a provision that, "if the assured in the written or verbal application for insurance makes any false or erroneous representations material to the risk," the policy shall be void. The written application made by defendant, upon which the policy was issued, declares that the building was occupied as a hotel. The evidence shows, without conflict, that when the application was made, the policy issued, and the building destroyed by fire, it was unfinished and unoccupied, and mechanics were engaged in the work of constructing and completing it. The defendant insists that the statement in the application as to the character of the occupancy of the building is a warranty on the part of plaintiff, which was violated, and thereby the policy is defeated, and that the condition of the policy above stated, being violated by the false and erroneous statement of the application touching the character of the occupation of the building, renders the policy void. The plaintiff maintains, while admitting the fact that the building was not occupied, but was in an incomplete condition, that the warranty and condition referred to were waived by the defendant, by its acts in issuing the policy and receiving the premium with full knowledge, through its agent, that the building was not completed and occupied, and mechanics were then engaged in the work of finishing it. The evidence shows, without contradiction, that the agent of defendant had full knowledge of the condition of the building and of the work being done upon it, and that it was not occupied. We are required to determine, *First*, whether the warranty of plaintiff as to the occupancy of the building was waived by issuing the policy and receiv-

ing the premium, with knowledge that the building was unoccupied and unfinished; and, *Second*, whether defendant is chargeable with the knowledge of these facts possessed by its agent.

II. It has been determined by this court that an insurance company issuing a policy and receiving the premium thereon, with knowledge of facts which are breaches of the warranties by the assured, and of the conditions of the policy, will be estopped to deny the validity of the instrument, and will be regarded as having waived the violated conditions. *Williams v. Niagara Ins. Co.*, 50 Iowa, 568; *Mut. Benefit Life Ins. Co. v. Miller*, 31 Id., 223. See cases cited in Wood on Ins. § 139, supporting this doctrine. A moment's reflection will disclose the fact that it is in harmony with familiar principles applicable to covenants, binding the parties to a contract to perform independent acts, which separately constitute the consideration of the covenants of the other party. The insurance company by its policy undertakes to make good future losses. The consideration for its contract is the premium paid and the warranty of the assured that the property is and shall be occupied for an expressed purpose. The premium is received by the company with the knowledge that the building is not occupied according to the terms of the warranty of the assured, and thereupon a policy is issued. The company, by receiving the premium, waives the non-performance of the terms of the warranty, upon the principle that one cannot accept performance, or part performance, of a contract with knowledge that it is not done in accord with all the terms prescribed, and then refuse to perform his own covenants, which constitute the consideration of the covenants of the other party. Thus, if one enter into a contract for the purchase of goods to be paid for at a future day, the vendor entering into a covenant warranting the quality and prescribing the time of delivery, the vendee cannot accept the goods with knowledge of defects, and, when he is called upon to pay for them, defeat recovery upon the contract, on the ground

that the goods did not in quality comply with the terms of the warranty, or were not delivered at the time stipulated. He will be presumed to have waived non-performance by the vendor.

III. We are in the next place required to determine whether defendant is bound by the knowledge possessed by its agent as to the fact that the building was not occupied. The district court instructed the jury that if the agent was authorized to solicit and forward applications for insurance, to deliver policies and to collect and transmit premiums, the defendant was bound by the knowledge possessed by him touching the character of the risk, and the fact that it was not occupied as a hotel. The jury must have found that the powers and authority of the agent were such as are specified in this instruction, and the evidence supports such conclusion. This rule of the instruction has been recognized by this court. *Boetcher v. The Hawkeye Ins. Co.*, 47 Iowa, 253; *Miller v. Mut. Benefit Ins. Co.*, 31 Id., 216.

The doctrines we have announced are decisive of the case. The rulings of the district court upon the admission of testimoney and upon instructions are in harmony therewith. Other questions discussed by counsel need not be considered. The judgment of the district court is

AFFIRMED.

ADAMS, J., *dissenting.*—Where the agent, as in this case, through whom the policy is delivered, has no power to pass upon the risk or make any contract, he cannot, I think, waive the warranty contained in the policy. Nor do I think that the knowledge of such agent of the untruthfulness of the statement contained in the warranty could be deemed the knowledge of the company; and, if so, the mere delivery of the policy through such agent would not evince an election on the part of the company to waive the warranty. The cases cited and relied upon I think are not in point.

Mr. Justice REED concurs in this dissent.