## Stone v. The Hawkeye Ins. Co.

1. **Fire Insurance**: FALSE STATEMENTS IN APPLICATION: WRONG OF SOLICITING AGENT: DEFEAT OF POLICY. The application made by plaintiff for the policy in question provided that the representations made therein should be regarded as warranties by him; but the application was filled out by the defendant's soliciting agent, and he failed to write the answers to the questions as they were made by plaintiff, and plaintiff was ignorant of that fact. *Held* that a recovery on the policy could not be defeated on the ground that the answers so falsely recorded by the agent were not true.

2. ————: EXCESSIVE CLAIM FOR LOSS: DEFEAT OF POLICY. The policy sued on provided that if "there appears any * * * claim for an amount more than is legally due, the claimants shall be excluded from all benefit under this policy." *Held* that an overestimate of the loss by plaintiff would not defeat his recovery, in the absence of a showing that it was made with a fraudulent intent.

3. ————: FALSE STATEMENTS IN APPLICATION: KNOWLEDGE OF AGENT: COMPANY BOUND BY. If defendant had knowledge, when it received the premium and issued the policy in suit, that the statements made in the application as warranties were not true, it must be regarded as having waived said warranties; and it is bound by whatever knowledge its soliciting agent had when he took the application.

4. ————: ARSON: GOOD CHARACTER OF INSURED: EVIDENCE. In an action on a fire insurance policy, where the answer charged that the fire occurred by the willful act or procurement of the insured, evidence of the good character of the insured for honesty was not admissible to raise a presumption that he was not guilty of arson.

5. **New Trial**: MOTION FOR AFTER MOTION FOR JUDGMENT ON SPECIAL VERDICT. Where a motion for a judgment upon special findings, notwithstanding the general verdict, has been overruled, a motion for a new trial may properly be filed, provided it is done within three days after the verdict is returned. *Nixon v. Downey*, 49 Iowa, 166, distinguished.

*Appeal from Van Buren District Court.*

FRIDAY, APRIL 23.

ACTION on a fire insurance policy. Verdict and judgment for plaintiff. Defendant appeals.

*Phillips & Day*, for appellant.

*Sloan, Work & Brown*, for appellee.

REED, J.—The property covered by the insurance was a stock of general merchandise contained in a frame building situated in Mount Sterling, Van Buren county. During the life of the policy the building, and the greater portion of the goods contained in it, were destroyed by fire. The policy was issued on an application taken by a soliciting agent of defendant, a copy of which was indorsed on the policy. One of the provisions of the application is as follows: "The applicant agrees that each of the foregoing answers, statements and valuations are true, and a warranty on his part; and that the accepting of this risk, and the issuing of a policy of insurance thereon, by the company, is to be based solely upon this application." It was also stated in the application that the building in which the goods were situated was insured for $800; also that the average value of the stock carried by plaintiff was $4,500, and that the last account of stock was taken in July, 1882, (some eighteen months before the application was made,) and that the stock invoiced at that time $4,500. Defendant alleges that each of these statements was false, and was willfully and fraudulently made, and by reason thereof the policy never went into force and effect. It was also stated in the application that all of the exposures within 100 feet of the building containing the goods were correctly shown on a plat which accompanied the application; and it is alleged by defendant that this representation was false, and that there were a number of exposures within 100 feet of said building which were not shown upon the plat.

The policy contains the following provision: " And if there appear any fraud, or attempt to defraud, or false oath or declaration, or claim for an amount more than is actually due or legally entitled to, or that the fire shall have happened by the procurement, willful act, means or connivance of the insured or claimants, he, she or they shall be excluded from all benefit under this policy, and the company released absolutely from all liability thereunder." In his proofs of loss plaintiff represents that the goods in the building at the time of the loss were, according to his belief, of the value of $4,000, and that all except $227.94 worth was destroyed. Defendant alleges that this representation was false, and was made with a fraudulent intent, and that the goods destroyed were of much less value than represented in said proofs, and that plaintiff made claim for an amount largely in excess of the amount actually due under the policy. It is also charged that the fire which destroyed the insured property occurred by the willful act, procurement or connivance of plaintiff.

It is alleged in the petition that the survey and measurements set out in the plat which accompanied the application were made by the agent, also that he made said plat, and had full knowledge, from a personal examination of the premises at the time he took the application, of the condition of the property, also that he received the premium with this knowledge, and transmitted it to the company, and that it received and retained the same, and accepted the application and issued the policy thereon; and plaintiff claims that defendant is estopped by these facts from now asserting that the exposures within 100 feet of said building were different from what is shown by said plat. He also alleges that the agent filled out the application, and that, when plaintiff was asked by him whether the building was insured, he answered that he did not have positive information on the subject, but stated that he thought it was insured for $800, and that he had no knowledge, when he signed the application, or when he received the policy, that the agent had not written his answer to said question as he gave it.

In addition to their general verdict, the jury found specially·
that the building was not insured when the application was
signed; also that plaintiff was not prevented by any fraud or
deceit from ascertaining the contents of the application when
he signed it.   They also found that the value of the goods
destroyed was but $2,091.99, and that plaintiff represented in
his proofs of loss that the value of the goods destroyed by the
fire was $1,680.07 greater than their value actually was.   On
these special findings defendant moved for judgment in its
favor, notwithstanding the general verdict, and the overruling
of this motion is assigned as error.

I.   The district court·instructed the jury, in effect, that
plaintiff's right of recovery on the policy would not be
defeated by the false statement in the application
as to the insurance on the building, if that state-
ment was written in the application by defendant's
soliciting agent without plaintiff's knowledge,
and plaintiff had made truthful answers to such

1. FIRE insur-
ance: false
statements in
application:
wrong of solic-
iting agent:
defeat of pol-
icy.

questions as were asked him by the agent concerning the
insurance on said building; and it is conceded that the evi-
dence justified the jury in finding that the statement was
written in the application by the agent without plaintiff's
knowledge, and that the latter answered truthfully that he
thought the building was insured for $800, but that he had
no positive information on the subject.   We are of the opin-
ion that the instruction is correct, and that the plaintiff's right
to recover on the policy is not defeated by the special find-
ing that the building was not insured.   The agent, in what-
ever he did about the preparation of the application, acted
for his principal, the insurance company.   He was empow-
ered by it to prepare such applications for persons desiring
insurance, and to forward the same to it.   He wrote the
application in question in the performance of the duties
of his agency; and, if the company was deceived or misled
by the statement in the application that the building
was insured, this was in consequence of the negligent or

wrongful manner in which he performed the duties of his employment, and it is consistent with justice, as well as the settled principles of the law, that the consequence of his wrong should be visited upon his principal rather than upon plaintiff, who was guilty of no bad faith in the transaction. Wood, Ins., § 384; *Malleable Iron Works v. Phœnix Ins. Co.*, 25 Conn., 465. It makes no difference, we think, that plaintiff agreed 'that the representations in the application should be regarded as warranties by him. He consented to that agreement in the belief that the agent had written down in the application the very statement he had made. As the agent was empowered by the company to take the statement, and acted under that authority when he wrote it, plaintiff was not charged with the duty of seeing to it that it was correctly taken. He had the right to assume that this was done. It would be manifestly unjust to hold that he was bound absolutely by a statement which was wrongfully interpolated into the application by defendant, and which he did not know was there when he consented to the agreement.

II. We are also of the opinion that plaintiff's right of recovery is not necessarily defeated by the special finding that in making his proofs of loss he overestimated the value of the goods destroyed. The provision of the policy is that "if there appears any fraud, or attempt to defraud, or false oath or declaration or claim for an amount more than is legally due, * * * the claimants shall be excluded from all benefit under this policy, and the company released absolutely from all liability thereunder." Under this provision the company would be released from liability by any overestimate of the loss made by the insured with intent to defraud. But an overestimate which was made honestly and in good faith clearly would not have the effect to exclude the claimant from all benefits under the policy. The special findings established that plaintiff made 'an overestimate of his loss, but it was not found specially by the jury that this was done with fraudulent intent. Whether

2. ——: excessive claim for loss: defeat of policy.

it was done with such intent was a question of fact which was
properly submitted to the jury, and by their general verdict
it was determined adversely to defendant. The overestimate,
it is true, appears to have been quite large, but it may have
been honestly made, and, if so, it will not defeat plaintiff's
right to recover for the loss actually sustained. The court
cannot say, as matter of law, that it was not so made.
Wood, Ins., § 429. As the facts specially found by the jury
do not, either alone or when taken in connection with those
admitted in the pleadings, defeat plaintiff's right to recover,
the motion for judgment notwithstanding the general verdict
was rightly overruled.

III.  The district court instructed the jury that if the
defendant had knowledge when it received the premium and
issued the policy, of the facts constituting the
3. ——:
false state-  breaches of the warranties by plaintiff, it would
ments in ap-
plication:  be regarded as having waived said warranties,
knowledge of
agent: com-  and that, if the agent who took plaintiff's appli-
pany bound
by.  cation for the insurance was authorized to receive
and forward applications and to deliver policies, and collect
and transmit premiums, the company was bound by whatever
knowledge he possessed when the application was taken; and
if he made a survey of the premises when he took the appli-
cation, and measured the distance between the building and
the adjacent exposures, and had full knowledge of the situa-
tion of the property and the surroundings, defendant was
bound by this knowledge, and would be held to have waived
any mistakes or inaccuracies in the measurements, or in the
recitals of the plat which accompanied the application. The
giving of these instructions is assigned as error. The
instructions, however, are in accord with the holding of this
court in *Jordan v. State Ins. Co.*, 64 Iowa, 216; *Boetcher
v. Hawkeye Ins. Co.*, 47 Id., 253; *Miller v. Mutual Ben.
Ins. Co.*, 31 Id., 216; *Williams v. Niagara Ins. Co.*, 50 Id.,
561; *Eggleston v. Council Bluffs Ins. Co.*, 65 Id., 308.

IV.  The court gave the following instruction: "Evidence

of the good character of the plaintiff for honesty has been introduced to you. You should consider all of the evidence on this question, and then say what the truth is. If you find the plaintiff had before the fire a good character for honesty, then you should consider said fact in connection with the other testimony bearing upon the question as to whether the plaintiff set fire to said building. So, if you find that his character for honesty was not good at that time, then you should consider such fact in connection with the other testimony upon that point." The evidence is not set out in the abstract; but it is conceded that the recital in the instruction, that evidence of plaintiff's former good character for honesty was admitted on the trial, is correct. If, under the pleadings, any possible state of evidence could arise under which plaintiff would be entitled to have his former good character considered by the jury in determining the question whether he set the fire to said building, on the state of the record before us we would presume, in favor of the correctness of the ruling below, that such state of evidence did arise upon the trial. The general rule in civil actions unquestionably is that the general character of the parties is not involved in the issue, and evidence concerning it is not admissible. There are, however, exceptions to the general rule. It sometimes happens that the character of a party is the very matter in issue, and in such cases evidence with reference to it is of course admissible. Illustrations of the exception are found in actions for damages for criminal conversation and seduction. It is held in that class of actions that the general character for chastity of the wife or daughter is involved in the issue as affecting the damages, and evidence of the bad general character in that respect is admitted. The present case, however, does not fall within the principle of this exception. The allegation in the answer is that the fire which destroyed the insured property was occasioned by the willful act, procurement or connivance of plaintiff. Conceding that by this it was meant to charge him

4. ——: arson: good character of insured: evidence.

with having burned the property with intent to injure the insurer, which, under our statute, (Code, § 3888,) is a felony, it still cannot be said that his character for honesty was . involved in the issue. His right of recovery did not depend on the question whether his character was good or bad. If the allegation should be proven, his reputation for honesty doubtless would be injuriously affected. But so would that of any other party against whom a charge of gross fraud or forgery should be established in the course of a civil litigation. Charges of this character are often investigated in the civil courts, but it has not generally been supposed that the general character of the parties was involved in the issues out of which the charges arose.

If the plaintiff was being tried on indictment for the offense charged in the allegation, he would be entitled to give evidence of his former good character, and have it considered by the jury in determining the question of his guilt; and it has sometimes been held in civil actions, where the party was charged with gross fraud or depravity upon circumstances merely, that evidence of uniform integrity and good character was admissible for the purpose of rebutting any unfavorable inference or presumption which might arise from the circumstances proven. See *Ruan v. Perry*, 3 Caines, 120. But we think the rule established by the authorities is the other way. See 1 Phil. Ev., 758; Whart. Ev., § 47; *Humphrey v. Humphrey*, 7 Conn., 116; *Pratt v. Andrews*, 4 N. Y., 493; *Houghtaling v. Kilonhouse*, 1 Iowa, 530; *Gough v. St. John*, 16 Wend., 646; *Schmidt v. Insurance Co.*, 1 Gray, 529; Greenl. Ev., §§ 54, 55. See, also, *Bays v. Herring*, 51 Iowa, 286. We think, therefore, that the district court erred in giving said instructions.

V. Plaintiff insists, however, that, by filing its motion for judgment notwithstanding the general verdict, defendant waived the right to file a motion for new trial, and hence that the question as to the correctness of said instruction cannot now be considered. *Nixon v. Downey*, 49 Iowa, 166, is relied on as

5. NEW trial: motion for after motion for judgment on special verdict.

sustaining this position. In that case the appeal was from the order sustaining a motion for judgment on the special findings, notwithstanding the general verdict. A motion for a new trial was also filed at the same time the motion for judgment was filed, upon which the district court made no order. The order appealed from was reversed, and it was held that the two motions were inconsistent, and could not be regarded as pending at the same time; and that, by insisting on the one, the party should be regarded as having waived the other; and that, as the time within which a motion for new trial might be filed had expired when the order was reversed, he was not then entitled to have the motion for a new trial considered. The present case is very different in its facts. The motion for a new trial was filed after the overruling of the motion for judgment, and was filed within three days after the verdict was returned. The right to file it was not waived.

For the error pointed out the judgment will be reversed, and the cause remanded for a new trial.

REVERSED.