71 710
112 52
112 432

71 710
120 303

71 710
128 158

71 710
132 182

71 710
136 740

## Siltz v. The Hawkeye Ins. Co.

1. **Evidence:** ADMISSION: ERROR WITHOUT PREJUDICE. The admission of incompetent testimony on a certain point is without prejudice when the same point is conclusively established by other competent testimony.

2. **Fire Insurance:** ACTION ON POLICY: DESIGNATION OF LOST GOODS: EVIDENCE. Where part of the insured property was designated in the policy as "restaurant goods," *held*, in an action to recover on the policy, that it was not error to allow plaintiff to refer to the same property by that name, and ask a witness its value. If the designation was definite enough to be used in the policy, it was definite enough for use on the trial.

3. **Appeal:** POINTS NOT ARGUED. Questions merely stated in the argument, but not argued, are not considered by this court.

4. **Instructions:** METHOD OF PRESENTING ISSUES. It is not necessary that all the issues be presented in the statement of the pleadings and issues preceding the instructions. It is sufficient if they be all fairly and fully presented somewhere in the charge.

5. **Fire Insurance:** ACTION ON POLICY: VALUE OF PROPERTY: EVIDENCE. In an action to recover on a policy of fire insurance, where the plaintiff testified that she paid $3,500 for the property, and its value was stated at that sum in the application, *held* that, in the absence of other evidence, the jury was warranted in finding that it was worth that sum.

6. ———: ———: FRAUD OF INSURED: INSTRUCTIONS. In such case, where the policy provided that "any fraud, or attempt to defraud," on the part of the assured, would defeat a recovery, *held* that it was sufficient for the court to instruct the jury as to the *acts* relied on by defendant to defeat recovery under this clause, without distinguishing the actual frauds from the attempts to defraud.

7. **Verdict:** MAY FOLLOW EVIDENCE WITHOUT INSTRUCTIONS. Where a material fact is stated in the pleadings and is not contradicted, and the evidence fully establishes it, the jury may properly find that the statement is true, without an instruction to that effect.

8. **Fire Insurance:** FORFEITURE OF POLICY: WAIVER: REVIVAL. The forfeiture of a policy on account of a breach of its conditions may be waived, whereupon it will have the same binding force which it originally possessed. (*Viele v. Germania Ins. Co.*, 26 Iowa, 9, followed.)

9. ———: WARRANTY IN APPLICATION: WAIVER. Error in a statement in an application for fire insurance, which is made a warranty by the

policy, cannot be relied on to defeat the policy, where the agent who took the application was fully informed as to the facts; but the error will be regarded as waived. (See opinion for authorities cited.)

*Appeal from Decatur District Court.*

TUESDAY, OCTOBER 19, 1886.

ACTION at law upon a policy of insurance, to recover the amount insured against loss by fire upon a building and certain contents, owned by plaintiff. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Phillips & Day*, for appellant.

*E. W. Curry, Bullock & Hoffman and J. B. Johnson,* for appellee.

BECK, J.—I. We will, in the consideration of the case, notice the objections to the judgment in the order of their presentation by defendant's counsel, and will state the facts involved in each point in connection with the discussion thereof.

F. S. Siltz, the husband of plaintiff, and a witness in her behalf, testified that, three or four days after the fire, W. C.

1. EVIDENCE: admission: error without prejudice.

Cole came to the house of the witness, claiming to represent defendant, and that the purpose of his visit was to settle and adjust the loss. He made out proofs of loss. The witness was then permitted to state, over defendant's objection, that Cole said he was the assistant secretary of defendant. The evidence was admitted upon the proposition of plaintiff's counsel to follow it with other evidence showing the official relation of Cole to defendant. Such evidence was afterwards introduced, and shows conclusively that he was the assistant secretary, and a director and stockholder of the company; that he visited the plaintiff as an agent of the company, after the loss, with reference to it; and that he prepared papers, or superintended or assisted in their preparation, pertaining to the proofs of

loss, though he did not complete such proofs. The fact that Cole was assistant secretary of defendant being conclusively established by other testimony, the admission in evidence of his declarations or statements to that effect, if erroneous, is without prejudice to defendant.

II. The policy covered certain personal property, described in it as "restaurant goods." A witness was asked the value of these goods, and in response was permitted, over defendant's objection, to state it. The objection is based upon the ground that the question called upon the witness to construe the language of the policy, and determine what goods were covered by the description. There is no force in the objection. If the goods were so generally known as to be described in the policy by the designation "restaurant goods," it will be presumed that the witness understood the designation. He certainly could refer to the goods by the name used in the policy to designate them. If any question existed as to the goods valued by him belonging to the class covered by the policy, the witness could have been called on, in the cross-examination, to further describe the goods to which he referred in his answer.

2. FIRE insurance: action on policy: designation of lost goods: evidence.

III. Two or three objections to the admission of evidence are referred to in defendant's argument simply by a statement of the points made, without any argument thereon. We are not required to consider points not argued.

3. APPEAL: points not argued.

IV. The policy contains a condition to the effect that, in case of loss, if there be liens or incumbrances on the property, defendant shall be liable for no more than three-fourths of the interest of assured, after deducting from the actual cash value of the property the amount of the liens or incumbrances. The answer alleges that there was a mortgage upon the property, and that its value, determined by the terms of the policy, did not exceed the amount due upon the mortgage. Counsel for

4. INSTRUCTIONS: method of presenting issues.

defendant complain that the court below omitted to present the issues raised by this defense. There is no ground for this complaint. The defense pleaded, and the issues thereon, are fairly and fully presented in an instruction,—the tenth. It is as well presented in that connection as though it had been found in the statement of the pleadings and issues preceding the instructions.

V. The court, in the same instruction, directed the jury, if they found plaintiff entitled to recover, to deduct the amount of the mortgage from the value of the property, and if the sum thus ascertained equaled or exceeded the amount they found for plaintiff, which must not exceed the sum insured on the property, they could render a verdict for the plaintiff in the amount thus found for her. Counsel insist that this instruction should not have been given, for the reason that there was no evidence of the value of the property. Upon this question there was no controversy in the evidence at the trial. Plaintiff testified that she gave $3,500 for the real estate, and its value is stated at that sum in the application for insurance. In the absence of any evidence or claim to the contrary, the jury were authorized, for the purpose of the inquiry, to find its value in that sum.

*5. FIRE insurance: action on policy: value of property: evidence.*

VI. The policy contained a condition to the effect that "any fraud, or attempt to defraud, or false oath or declaration, or claim for an amount more than is actually due," shall defeat recovery on the policy. The answer alleges that plaintiff violated this condition by filing her petition in this case, under oath, alleging the value of the property destroyed to be $1,000, and that the amount of the policy ($750) is due her, and did not disclose the existence of the mortgage; that she further violated it in her proofs of loss, by stating the value of the personal property at a sum in excess of its true value; and that she also violated the condition by claiming, in her proofs of loss, a sum largely in excess of what was actually due her. It is

*6. ——: ——: fraud of insured: instructions.*

insisted that this defense was not fairly and fully presented by instructions to the jury. The ground of counsel's complaint is that the court did not distinguish between fraud and attempt to defraud, and direct the jury accordingly. We think it was needless for the court to burden the jury with such distinctions and instructions, and that the jury were sufficiently instructed upon the issue presented by the defense. The answer alleges certain acts and omissions of the plaintiff which it is claimed, under the condition in question, are sufficient to defeat recovery. The court below correctly directed the jury as to the legal effect of the acts of plaintiff relied upon to support the defense. It was not necessary nor important that the court should have considered or directed the jury to consider whether these acts were frauds or attempts to defraud. Without such an inquiry, the jury were well prepared to find, as to the facts, in accord with the instructions of the court.

VII. The defendant, as a defense under a condition of the policy, set up in its answer the existence of a mortgage. The plaintiff in her reply alleged that, when the insurance was effected, she fully explained to defendant's agent all matters connected with the mortgage, the date of its execution, and amount paid upon it, the date of its maturity, the fact that she held a valid defense for a partial failure of consideration, which she intended to set up, and that, in order to obtain an abatement of the amount due upon the face of the mortgage, she was advised that it would be necessary to permit an action of foreclosure to be brought upon it, which she intended to do. She further stated in her reply that any breaches of the condition of the policy which may have occurred were waived by the act of the assistant secretary of defendant in requiring and taking proof of loss, which he pronounced sufficient, at the same time informing plaintiff that the loss would be paid.

VIII. It is objected that an instruction (the fifth) directs the jury that matters may be regarded as raising a waiver of

the breach of conditions which were not pleaded in plaintiff's reply. This objection we find, upon a comparison of the reply and instruction, is not supported by the facts. We find that all matters contemplated in the instruction are pleaded in the reply.

IX. It is urged by counsel; in their discussion of the fifth instruction, that neither in it nor elsewhere did the court

**7. VERDICT: may follow evidence without instructions.** direct the jury to find that Cole, who, it is alleged, acted for defendant in making the waiver, was authorized so to do. But the authority of Cole to act for defendant was proved beyond question in the court below. As we have shown, he was proved to be the assistant secretary, and the reply pleading the waiver alleges that he acted for defendant as assistant secretary in doing the things upon which the claim of waiver is based. The allegations of the reply are not denied by the defendant, and the evidence shows, without contradiction, that Cole was assistant secretary, and did act for defendant. Under these circumstances, we think there was no prejudicial error in the failure of the court to direct the jury to find as to Cole's authority to do the acts upon which the claim of waiver is based.

X. Counsel for defendant insist that, by the breach of the conditions of the policy, it becomes "null and void," and

**8. FIRE insurance: forfeiture of policy: waiver: revival.** incapable of being revived or restored by a waiver of the breach. The grounds upon which this view is based are noticed and considered in *Viele v. Germania Ins. Co.*, 26 Iowa, 9; and it is held that the forfeiture of a policy on account of a breach of its conditions may be waived, whereupon it will have the same binding force it originally possessed. This court has not recognized a contrary doctrine.

XI. The application for the insurance states that the mortgage upon the property remains unpaid to the amount of

**9. ——: warranty in application: waiver.** $400, and that the incumbrance was due in 1882. The statements of the application are warranties on the part of the assured. It was shown that there was $440 remaining unpaid upon the mortgage, and

that it matured in 1881. But the policy was issued in 1883. The court below instructed the jury, substantially, that if they should find that defendant's, soliciting agent who took plaintiff's application was truly informed of the facts by plaintiff, and that the mortgage was due, but she did not intend to pay it until it was foreclosed, to enable her to set up a defense as to the partial failure of consideration, the defense of the breach of the warranties cannot be supported. The instruction is assailed by counsel with a good deal of earnestness. The knowledge of the facts possessed by the agent is chargeable to the defendant, and it will be held to have waived objection to the incorrect or false statements of the application. *Jordan v. State Ins. Co.*, 64 Iowa, 216; *Boetcher v. Hawkeye Ins. Co.*, 47 Id., 253; *Miller v. Mut. Benefit Life Ins. Co.*, 31 Id., 216. See, also, *Stone v. Hawkeye Ins. Co.*, 68 Id., 737.

XII. The foregoing discussion disposes of all questions arising upon rulings on instructions discussed by counsel. One or two instructions asked by defendant, which were based upon the evidence as claimed by counsel, were properly refused, as being inapplicable to the proof.

XIII. It is insisted that the verdict lacks the support of the evidence. We think otherwise. Upon some points, as the value of the property insured, and the like, the evidence may be meager, and not wholly satisfactory to us. But it cannot be said that there is such an absence of evidence as requires us, under the familiar rules prevailing here, to reverse the judgment.

In our opinion, the judgment of the district court ought to be

AFFIRMED.