## Cecilla A. Scott v. The Security Fire Insurance Company, Appellant.

**Insurance: EVIDENCE.** On an issue as to the value of an insured building at the date of the fire, where it appeared that it had no market value aside from the land, evidence of the cost of building it, twenty years before the fire, was admissible.

**Burden of proof.** McClain's Code, section 1734, providing that the amount stated in the policy shall be *prima facie* evidence of the insurable value of the property at the date of the policy, and that, to maintain an action on the policy, it shall only be necessary to prove the loss of the building, and serve proper notice of loss, applies where proofs of loss have been waived.

**Principal and agent:** *Conflicting evidence.* Where the property was insured by a soliciting agent for one thousand seven hundred dollars, after examination, and the evidence as to value was conflicting, a verdict for plaintiff for one thousand seven hundred dollars, with interest, will not be disturbed, as excessive.

*Appeal from Scott District Court.*—Hon. C. M. Waterman, Judge.

Monday, April 13, 1896.

Action at law upon a fire insurance policy. There was a trial by jury, and a verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Cook & Dodge* for appellant.

*Bills & Hass* for appellee.

Rothrock, C. J.—I. The policy upon which the suit was brought, was issued on the fifth day of

November, 1892; and the property insured was a dwelling house, a granary, cribs, and a barn, situated on a farm near the city of Davenport. The insurance was for one year, and on the third day of May, 1893, all of the insured buildings, except the cribs, were totally destroyed by fire. The policy was in the usual form, and plaintiff was the owner of the property. It is true, there was a mortgage on the farm, but no claim is made, that the application for the insurance did not fully disclose all material facts pertaining to the ownership of the farm and the buildings insured. The amount insured on the property was, one thousand two hundred dollars on the dwelling house, three hundred and fifty dollars on the granary, seventy-five dollars on the cribs, and one hundred and fifty dollars on the barn. The policy required written notice of the loss to be given to the defendant, and written proofs of loss to be made, within sixty days. It is averred in the petition, that the plaintiff gave the defendant verbal notice of the loss, and that defendant waived a written notice, and undertook to investigate the facts of the loss for itself, and that it verbally waived the furnishing of sworn proofs of loss. The issues raised by the answer, which appear to us to be necessary to be considered, are: (1) A denial of the alleged value of the buildings burned, and an averment that the value of the dwelling house did not exceed three hundred and fifty dollars; the granary, one hundred and fifteen dollars; and the barn, twenty-five dollars. (2) A denial that the defendant waived notice in writing, of the loss and proofs of loss, required by the policy. (3) That the application for the policy stated, that the aggregate value of the insured buildings was, two thousand four hundred dollars, and that said statement was false, the fact being, that the value of all of said buildings did not exceed the sum of four hundred and ninety-five dollars, and that by reason of said

false statement, the said insurance was void, as provided by the express terms of the application and policy. Other false representations, as to the condition of the property, are set forth, which it is not necessary to consider. All of the questions discussed by counsel, arise upon the issues, the substance of which we have briefly stated.

II. The first question to be considered is, did the defendant waive the written notice and proofs of loss? It is claimed by the plaintiff that the waiver was made by the secretary of the defendant company. It is not denied that the secretary had the power to waive the notice and proofs of loss. The court instructed the jury that under the evidence, the secretary was the only person who had the right to waive these requirements. The question is one of fact, and we are to determine whether the evidence was sufficient to authorize the jury to find that the secretary, by his acts, conduct, and conversation, induced the defendant to omit furnishing written proofs of loss within sixty days after the loss, as required by the policy. We have carefully examined the evidence, as set out in the abstract, and have studied the same as presented and analyzed in the argument of appellant's counsel; and accepting the testimony of the plaintiff and her sister, and one or two other witnesses, as true, which the jury had the right to do, our conclusion is that the evidence fully sustains the claim made by the plaintiff, that these requirements were waived. It is not our practice to review the testimony of witnesses, especially where it is as volumnious as in this case. To do so would require many pages, giving details of interviews by the plaintiff and others, with the secretary. The jury was fully warranted in finding that the plaintiff called upon the secretary, and requested blank proofs of loss, and that he told her that was

unnecessary, that there was nothing more for her to do, and that she should wait until she heard from him; and that she relied on hearing from him until after the time for filing written proofs had passed. The evidence of waiver is stronger than that held sufficient in the cases of *Carson v. Insurance Co.*, 62 Iowa, 433 (17 N. W. Rep. 650); *Hollis v. Insurance Co.*, 65 Iowa, 454 (21 N. W. Rep. 774); *Boyd v. Insurance Co.*, 70 Iowa, 325 (30 N. W. Rep. 585); *Green v. Insurance Co.*, 84 Iowa, 135 (50 N. W. Rep. 558).

III. The court instructed the jury upon the question involving the value of the buildings, as follows: "If you find that defendant waived its right to demand and receive the notice in writing, and affidavit from plaintiff, then your next subject of inquiry should be as to the value of said buildings at the time of said fire, and this sum, when found, will be the measure of plaintiff's recovery; that is, she cannot recover more in this action than said buildings were worth at the time they were burned. The law presumes that each of said buildings was worth, at the time the policy in suit was issued, the sum for which it was insured, but this presumption is not conclusive. It may be rebutted or overcome by evidence, showing that they were of less value. Stating the rule, in different language, the plaintiff is, *prima facie*, entitled to recover the amount for which said buildings were insured; and, if defendant claims they were, in fact, worth less than this amount, the burden is upon it to establish such fact, by a preponderance, or greater weight, of evidence. In order to determine the value of these buildings, at the time they were destroyed, you may consider their condition at that time; their cost, age, and size; the material, of which they were built; the uses to which they were put; their depreciation in value, from wear and tear; the action of the elements,

or any other cause, and also the cost of constructing new buildings like them, at the date of the fire; and generally, I may say, any other facts, in evidence, bearing upon the matter. Keep in mind, that the sole, ultimate object of your inquiry is, to ascertain what these buildings were actually worth on the day when the fire occurred; and, when you have ascertained the value of each of said buildings so insured and destroyed, the total sum of such values, with interest added, will be the amount of plaintiff's recovery. While, as I have said, you may consider the original cost of the buildings, and also the cost of erecting, on May 2, 1893, new buildings of similar character, you will understand that these facts, when found, are but preliminary. They are merely starting points, from whence you are to reason, in the light of all the evidence, to the ultimate fact, which you are to find, viz.: the value of the burned buildings on May 2, 1893, in the condition they were in at that time. For instance, when you have ascertained the original cost of said buildings, you should allow for the difference, if any, in cost of labor and materials between the time when such buildings were constructed, and May 2, 1893, and this would be one way of ascertaining the cost of erecting such buildings at the last-named date. When, in this way, or by any other evidence, you have ascertained the cost of the erection of said buildings, on May 2, 1893, if you then deduct the difference in value between such new buildings and the buildings burned, as they were at the time of the fire, you will have arrived, by one method, at the actual value of the property in question, and which would be the amount of plaintiff's loss." The defendant objected to the introduction of evidence of the original cost of the dwelling house, and excepted to the order of the court overruling the objection, and exception was

taken to that part of the charge to the jury above set out.  It appears that the house was erected more than twenty years before it was destroyed by fire.  The position of counsel for the defendant is that, because the building was erected at a time so remote, and the fact that the actual cost may have been more than the building could have been erected for, and in view of the great decrease in the cost of erecting buildings at the time of the trial, from what it was twenty years ago, the evidence was wholly unreliable, and its only effect was to mislead the jury.  We have set out the instructions in reference to this question, and after considering the arguments of counsel, and giving due weight to the manner in which the evidence is guarded and explained in the instructions, we are of opinion that the evidence was properly received, and that the rule of the instructions is right.  It is a well settled doctrine, that the value of property is to be established by evidence of what it it is worth in the market.  But the rule has no application to such property as has no market value.  In 1 Suth. Dam. section 448, it is said: "When the property has no market value, proof may be made of such facts as exist tending to show value, or to aid the jury in estimating it.  The cost of manufacturing a raw article, and transporting it to market, may properly be inquired into."  The value of this house, apart from the land upon which it was situated, was not such as could be estimated by the ordinary rule of estimating values of merchantable and marketable commodities. The following authorities appear to sustain the principle upon which the instructions under consideration are founded: . *Brinley v. Insurance Co.*, 11 Metc. (Mass.) 195; *Howard v. Insurance Co.*, 4 Denio, 502; *Clement v. Assurance Co.*, 141 Mass. 298 (5 N. E. Rep. 847); *Masterton v. Mayor, etc.*, 7 Hill, 61; *Luse v. Jones*, 39 N. J. Law, 707.

IV.   It is provided by section 1734, of McClain's Code, that the "amount stated in the policy shall be received as *prima facie* evidence of the insurable value of the property, at the date of the policy," and that, in order to maintain an action "on the policy, it shall only be necessary for the assured to prove the loss of the building insured, and that he has given the company or association notice in writing, of such loss, accompanied by an affidavit, stating the facts as to how the loss occurred, so far as they are within his knowledge, and the extent of the loss, which notice shall be given within sixty days from the time the loss occurred." It is urged by counsel for appellant, that the provision as to the *prima facie* effect of the amount named in the policy, and the proof required to make a *prima facie* case, has no application in any case, except where proofs of loss have been duly made. This appears to us, to be too strict a construction to apply to this statute. If the proofs of loss are waived, the rights of the plaintiff are precisely the same as if they were duly made, as provided by law and by the policy.

V.   The verdict was for one thousand seven hundred dollars, with interest. It is claimed that the amount was grossly excessive, and that it must have been given under the influence of passion or prejudice. We do not believe it to be our duty to reverse the judgment on this ground. There is a decided conflict in the evidence, as to the value of the property, which made it a question for the jury. As we have said, this property was situated near the city of Davenport. An agent of the defendant went to the property with the plaintiff, before it was insured, for the purpose of examining the buildings. After being on the ground, he wrote the application for the insurance, in the amounts named therein. Without determining whether his acts in the making of the

application were binding on the defendant, so far as the value of the property was involved, we think it was a strong circumstance, which the jury might well consider in estimating the amount of the loss. As a soliciting agent, his knowledge of facts acquired in performing that duty, was binding on the defendant. *Siltz v. Insurance Co.*, 71 Iowa, 710 (29 N. W. Rep. 605); *Stone v. Insurance Co.*, 68 Iowa, 737 (28 N. W. Rep. 47). The judgment of the district court is AFFIRMED.