## D. B. HUSTON v. THE STATE INSURANCE COMPANY, Appellant.

**Insurance:** HOUSEHOLD FURNITURE DEFINED. In an insurance policy, the term "household furniture, useful and ornamental," with the added term "family stores," includes books and games, writing materials, child's swing, and child's walker.

EXAMINATION OF ASSURED: *Fraud.* Under a provision of an insurance policy which requires the assured to submit to an examination under oath, misstatements of fact made by him on the examination after a loss, do not avoid the policy, unless the insured knew them to be false, and made them with a fradulent intent.

*Same.* Where an insurance policy, by its terms, covers household furniture and musical instruments in a certain house, and contains no limitation as to ownership which would invalidate a claim for a piano owned by the wife of the assured, a claim by the assured for its loss, is no fraud on the insurer, though there may have been a misstatement as to the ownership.

MARKET VALUE. Where a witness testified that a table was worth twelve dollars at the time of the loss, it will be presumed that the market value at that time was meant, where the instructions fixed the measure of recovery at the reasonable market value of the property.

Instructions: CONSTRUED TOGETHER. An instruction, which, in briefly summing up the facts plaintiff must establish in order to recover a loss under a fire insurance policy, fails to require that the fire must have been "without his fault," is not erroneous,

2   where this requirement has been stated in a preceding instruction, and there is no request to have the objectionable instruction made clearer.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, DECEMBER 12, 1896.

ACTION on a policy of fire insurance. Judgment for plaintiff, and the defendant appealed.—*Affirmed.*

*Lynn, Sullivan & Foley* for appellant.

*Sawyer & Van Wagenen* for appellee.

GRANGER, J.—I. The defendant company issued to the plaintiff its policy against loss by fire on certain personal property in a house in Sioux City. In April, 1894, a fire destroyed and damaged said property, to recover for which this action is brought. There is a complaint that the court permitted evidence to prove the loss of such articles as books and games, writing material, penholders, inkstand, child's swing and child's walker. The following is the provision of the policy specifying the property insured: "One thousand five hundred dollars on household furniture, useful and ornamental, family wearing apparel, sewing machines, silver and plated ware, watches and jewelry, pictures, paintings, engravings, photographs, mirrors, and their frames (at not exceeding cost), statuary and casts, ornaments, and other articles of virtu, musical instruments, printed books, bound and sheet music, trunks and traveling bags, fuel, family stores, fishing tackle, and firearms, all contained in the two-story frame dwelling situated at and known as No. 3021 Nebraska Street, Sioux City, Iowa." It seems to us that the articles are included in the terms used in the policy, "household furniture, useful and

ornamental," would embrace much of it. The term
"household," as a qualifier, is defined: "Belonging to
the house and family; domestic, as household furni-
ture." That term, with the term "family stores,"
clearly comprehend such articles as may not be
included elsewhere. It is the evident intention in
such policies, by the use of such terms, to embrace
what is kept in the family for use in the way of the
articles objected to.

II. There is a complaint as to the sixth instruc-
tion of the court, wherein it told the jury that to
entitle plaintiff to recover he must establish that the
property, or some portion, was destroyed by
fire on or about April 17, 1894. It is said the
instruction omits to state that the fire was with-
out fault of plaintiff, and it is said that fact is nowhere
expressad in the instructions. In the preceding
instruction the jury is told that, to entitle plaintiff to
recover, he must establish the material allegations of
his petition. And preceding that, the court specified
the allegations, including the fact of the fire occurring
"without his fault." It seems to have been the pur-
pose of the sixth instruction to, in a brief way, enu-
merate the facts to be established; and the words
"without his fault" being used to show the manner of
the loss or of the fire occurring, do not deal with an
independent fact. And, with what had been said before
in the instructions, we think the jury could not have
failed to know that the fire must have been without the
fault of the plaintiff. Such a fact would almost natur-
ally be understood. No clearer instruction was asked,
and there was no error.

III. A provision of the policy required that, if
there was a loss under the policy, the plaintiff should
submit to an examination under oath, which he did;
and it is claimed that he made statements that were
false, and that such statements avoided the policy.

The court instructed that, for such statements to render the policy void, they must have been made intentionally, knowing them to be false; that there must have been an intent to defraud. This is thought to be an error. It is said the company had the right to the truth about every matter that was material. It is certainly true that the company had a right to the truth, as far as the assured was able to give it; but there is no provision of the contract that subjects him to such a forfeiture as is claimed for an unintentional misstatement of fact. See *Erb v. Insurance Co.*, 98 Iowa, 606 (67 N. W. Rep. 583). The following authorities, cited by appellee, support the rule adopted by the court: *Claflin v. Insurance Co.*, 110 U. S. 81 (3 Sup. Ct. Rep. 507); *Insurance Co. v. Summerfield* (Miss.) 13 South. Rep. 253; *Insurance Co. v. Starr* (Tex. Sup.) 12 S. W. Rep. 45; *Insurance Co. v. Vaughan* (Va.) 14 S. E. Rep. 754; Wood, Fire Ins. (Ed. 1878), section 429. It is thought that *Siltz v. Insurance Co.*, 71 Iowa, 710 (29 N. W. Rep. 605), aids appellant's view, but it does not. The policy in that case guarded the company against frauds or attempts to defraud, and importance seems to be attached to the mere attempt at fraud. But the meaning of fraud is lost sight of. It is an *intentional* wrong, and not a mere mistake. We are not cited to an authority holding to the rule of appellant's contention.

Appellant refers in argument to some particulars of misstatement in the examination. Plaintiff stated that in the house were some small oil paintings, costing six dollars, purchased of Mrs. Wilson. Mrs. Wilson states: "I never, what you would call sold him, pictures at any time. I gave his wife eleven painting lessons,—if I remember right, at fifty cents a lesson,— and she painted some on oil paintings, and I painted

the rest of the pictures, and Mrs. Huston got the pictures. That is all the deal I ever had with D. B. Huston or his wife about oil paintings." There are other statements, made by the plaintiff on the examination, that are contradicted by other evidence, but nothing to warrant us in saying that the jury did not properly determine the facts as to the statements being fraudulent under the instructions. It does not appear, that the misstatement was intentional, if it was such; nor does it seem that the fact in dispute is material. Much importance is attached to the fact that plaintiff stated on his examination that he bought a square piano for five hundred dollars of Vose & Sons, when by other evidence it is made to appear that the piano was given to his wife by her father. There is no conflict as to the piano being there, or the loss; but it is as to whether he or his wife owned it, and who bought it. There could be no fraud on defendant as to either fact. The policy covered, by its terms, household furniture, musical instruments, etc., *in a certain house,* and was as applicable to such an article belonging to the wife as to him. We do not find in the policy a limitation as to ownership that would obviate the claim for such an article owned by the wife. The jury might well find, that in the statements there was no purpose to defraud, even if incorrect, as to certain particulars.

Appellant argues some fifteen assignments together, in which it is claimed that there was error as to the admission of evidence, and particularly as to the value of certain articles; as that a table was worth twelve dollars. It is said he should have been required to state the market value at the time of the loss. That is presumably what is meant. A cross-examination would disclose just what was intended, if doubts existed. The instruction

fixed the measure of recovery at the reasonable market value of the property. There is no error in the record, and the judgment is AFFIRMED.