J. A. PETTY, Appellant, v. THE MUTUAL FIRE INSURANCE COMPANY OF DES MOINES.

**Fire Insurance:** FALSE SWEARING: *Directed verdict.* Where a fire policy contained a provision that it should be void in case of false swearing by the insured on any matter relating to insurance, and there was testimony that mis-statements in the proof

of loss were made through mistake, it was error to take the case from the jury, as the policy was only void for willful false swearing, with intent to defraud.

FORFEITURE: *Illegal saloon in building.* A policy on a building and on property contained therein is not avoided by the fact that a saloon therein is not run in strict compliance with law.

MISREPRESENTATION OF RISK: *Jury question.* Where the agent of an insurance company was in the building insured when the application was written, and the nature of the business therein was talked over, and the policy recited that a tenant used the building for a saloon, there was no misrepresentation as to its occupancy which would warrant taking the case from the jury.

CONFLICTING EVIDENCE OF VALUE: *Jury question.* Where there was conflicting evidence as to the value of certain personal property destroyed, the question should have gone to the jury.

EVIDENCE: *Contradiction by declarations.* Where a witness for the company claimed to own some of the property destroyed, for which a claim for insurance was made by plaintiff, it was error to refuse to admit previous declarations of such witness in relation to the ownership of the property.

PLEA AND EVIDENCE. Where the legality of a business conducted on the destroyed premises was not in issue, it was error to allow a witness to testify that an unlawful business increased an insurance risk.

**Appeal:** OBJECTION BELOW. Where the objection that an action was prematurely brought was not raised in the trial court, a judgment for defendant will not be affirmed for such reason, where there was reversible error in the record.

*Appeal from Keokuk Superior Court.*—HON. RICE H. BELL, Judge.

MONDAY, MAY 14, 1900.

ACTION at law on a fire insurance policy. A jury was impaneled, and heard the evidence. On motion of the defendant the case was then taken from the jury and dismissed. The plaintiff appeals.—*Reversed.*

*A. L. Parsons* and *Nannie M. Smith* for appellant.

*Wm. C. Miller* for appellee.

SHERWIN, J.—On the twenty-fifth day of August, 1897, the defendant issued its policy of insurance to the plaintiff, insuring him against loss by fire on a certain building, and on personal property contained therein. On the twenty-first day of September following, the building and personal property were totally destroyed by fire, which originated in an adjacent building. Defendant pleaded that the plaintiff swore falsely in making his proofs of loss, and that plaintiff's tenant did not run his saloon in the insured building in compliance with law. At the close of the testimony the court took the case from the jury upon defendant's motion. This was error. One condition of the policy is that it shall be void "in case of false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after the loss." The false swearing that will avoid a policy must be willfully false, and done with intent to defraud the company. *Huston v. Insurance Co.*, 100 Iowa, 402. There was testimony tending to show that whatever misstatement the plaintiff made regarding his loss was through mistake, and that the personal property actually destroyed was worth much more than the amount of insurance thereon. This question was for the jury, and should have been submitted to it. The mere fact that a saloon keeper does not conduct his business in strict compliance with the law of the state does not avoid a policy of insurance on the building in which such business is carried on, nor a policy which covers personal property therein. *Erb v. Insurance Co.*, 98 Iowa, 606; 99 Iowa, 727.

The third ground of defendant's motion is that plaintiff misrepresented the occupancy of the building. The soliciting agents of defendant were present in the building insured when the application was there written by one of them. There is testimony that the nature of the business was talked over in detail with them.

They knew the general nature of it from observation. The policy itself says the building is occupied by a tenant, and used as a saloon. The court certainly could not have sustained the motion on this ground. *Key v. Insurance Co.*, 77 Iowa, 174; *Jamison v. Insurance Co.*, 85 Iowa, 229.

There was a conflict in the testimony as to the value of the personal property, and the question should have gone to the jury.

The president of the company was permitted to testify over the objection of the plaintiff, that an unlawful business increased an insurance risk. No issue of this kind was before the court, and the admission of this testimony was error.

On the question of the ownership of some of the personal property insured, plaintiff sought to prove the previous declaration of one Scott, who claimed at the trial to own some part of it. This evidence the court rejected, and we think there was error in this which must have been prejudicial to plaintiff. *Stephens v. Williams*, 46 Iowa, 540.

There are many other errors assigned on the admission or rejection of testimony, but we discover no other prejudicial error, and need not further notice them.

The appellee contends here, for the first time, that this action was prematurely brought, and there ought to be an affirmance for this reason, notwithstanding the fact that the question was not presented in the pleadings, nor raised in the lower court. Under the well-settled rule, this contention cannot be sustained. *Garland v. Wholebau*, 20 Iowa, 271. For the errors noticed, the case is REVERSED.