Sadler v. Bean.

---

SADLER v. BEAN.

1. **Witness:** COMPETENCY OF. The competency of a witness to testify as to the value of a thing in controversy is largely a matter of discretion with the court.

2. **Evidence:** VALUE OF ACCOUNTS. In an action to recover damages for the failure of defendant to deliver over accounts purchased by defendant, evidence is admissible to show that certain of the accounts are of practical value, although against persons who are insolvent.

3. —— PRESUMPTION: DAMAGES. In such an action the accounts purchased are presumed to have been worth their face; but this presumption is a slight one and easily overcome. In this event the plaintiff should recover what they would be worth or sell for in the market.

4. **Contract:** INDEFINITENESS. That a contract of sale of accounts which should amount to a certain sum is indefinite as to the particular accounts the purchaser was to have out of the lot, will not render it void in an action for damages for failure of the defendant to deliver the accounts.

*Appeal from Page District Court.*

TUESDAY, OCTOBER 28.

ACTION to recover damages for the failure of defendant to deliver $400 in amount, of accounts contained in two certain books of account kept by the late firm of Sadler & Bean, in Hawleyville, Iowa, which the plaintiff alleged he had purchased of defendant for $25 cash, paid him in hand. The answer averred performance, denied that the plaintiff had been damaged by any failure of defendant,

and also alleged that the accounts sold to the plaintiff were not in any manner defined or ascertained from other accounts kept in the same books. There was a jury trial resulting in a verdict and judgment for plaintiff for $185. The defendant appeals.

*W. W. Morsman* for the appellant.

*Hepburn & Scott* for the appellee.

COLE, J. — I. The plaintiff being on the stand as a witness, and having testified that he had kept the books in which the accounts were contained, and was familiar with them, was asked, "what were those accounts worth?" to which the defendant objected, on the ground that the witness had not shown himself competent to testify as to value. The objection was overruled and the witness answered, "I think those accounts were worth seventy-five cents on the dollar; and that $400 in the poorest accounts on those books, were worth fifty cents on the dollar." He also testified that he did not know whose accounts were in the books at the time he testified; that he only gave an estimate of what he thought the accounts worth; that he did not know the market value of accounts and did not know of any selling. The overruling of the objection to the question is the first error assigned.

1. WITNESS.

The competency of a witness to testify respecting the value of any item of property, is not determined by any inflexible rule of law as to the extent of his knowledge of such property, but is largely a matter of discretion with the trial court in the first instance, and afterward, the jury will consider the extent of his knowledge of the particular matter, and his general intelligence and fairness, in determining the weight to be given his testimony. In this case, the witness showed general knowledge of the accounts in question, and was, therefore, competent to testify as to their value. The discretion of the court in this case was properly and judiciously exercised. *Smalley* v. *The Iowa Pacific Railway Co.*, 36 Iowa, 571; *Dalzell*

v. *The City of Davenport*, 12 Iowa, 437; *Anson* v. *Dwight*, 18 id. 244.

II. The defendant also testified as a witness, and that there was no agreement as to what accounts were to be delivered; that a list of accounts which he produced amount-

**2. EVIDENCE.** ing to $400 was taken from the books referred to, and they were worthless — that is, they could not be collected by law; the accounts were unjust or had been paid or the parties were insolvent. The plaintiff being recalled, was asked; " are there persons' names on that list who are insolvent, but who do pay their debts, and against whom accounts are of value ? " This was objected to as immaterial, but the objection was overruled, and the witness answered, " There are." Hereon, the next error is assigned. We discover no error, however, in this ruling. The plaintiff had purchased the accounts, and had paid for them. They may in reason as well as practically have had value, although the collection of them could not be enforced at law. The plaintiff testified that they did have value, and this was directly material.

III. Among other instructions the court gave the following : " That the accounts are presumed to be worth their face, but

**3. —— presump-** the presumption is a slight one, and can be de-
**tion : damages.** stroyed by evidence; and if the jury find from the evidence that they were worth less than their face, then they will find they were worth just what the evidence proves they would sell for, or are worth in the market, if sold," and refused to instruct them that if " said accounts were against persons who were insolvent or had been paid, or did not owe them, you should give the plaintiff only nominal damages."

So far as respects the refusal to give the last above, it may be observed that the question made by it is disposed of in deciding the point made on the testimony, in the second paragraph above, and as respects the instruction given, it is sufficient to say that it was held by this court in *Latham* v. *Brown*, 16 Iowa, 118, that where notes or choses in action have been improperly converted, the amount of the face value is, *prima facie*, the measure of damages. But how-

ever this may be, the instruction is so well guarded, as that it could not have prejudiced defendant, and the verdict verifies this absence of prejudice thereby.

IV. The fact that the contract of sale was indefinite as to the particular accounts which the plaintiff was to have under his purchase, does not render it void. Such in-

4. CONTRACT. definiteness might defeat a claim for a specific performance of a contract in equity; but it can no more defeat an action for damages on account of a breach of the contract, than if the plaintiff had purchased 400 bushels of wheat out of a bulk containing 10,000 bushels. The absolute title to any of it would not pass by the contract, but the vendor would be liable in damages for a failure to deliver according to contract. So in this case. There seemed to be no controversy that plaintiff was only entitled, under his purchase, to $400 of the accounts least valuable.

Affirmed.