NELSON MORRIS & CO. *vs.* THE COLUMBIAN IRON WORKS and DRY DOCK COMPANY OF BALTIMORE CITY.

*Action for Work and Materials—Evidence—Refreshing the Memory of Witness—Quantum Meruit.*

The plaintiff sued the defendants for a balance alleged to be due for work and materials. Evidence was offered tending to prove that the work was done and the materials were furnished by the plaintiff at the request of the defendants, and that the prices charged were reasonable and proper. The defendants then offered in evidence the estimates, proven to have been made by two persons of knowledge and experience, of what their price would be for similar work and materials, which estimates were much less than the prices charged by the plaintiff. On objection it was HELD:

That said estimates, being the unsworn statements of living persons, who might have been produced in Court as witnesses, were inadmissible.

The defendants also produced two witnesses who testified that for many years they had dealt in articles of hardware such as those furnished in this case. On being asked to state the fair retail price of certain of these articles, they replied that they could not do so without consulting the "lists." These lists, they said, were schedules of prices fixed by a convention of dealers from year to year, and were the established prices in the trade; but that there were so many articles, each differing slightly, both in the article itself and in its price, from all the others, that it was impossible for any one to carry the prices of all of them in his mind. On objection made to the witnesses being allowed to look at the lists and answer the question, it was HELD:

1st. That the witnesses having testified to the correctness of the lists, and to the impossibility of any one carrying all the prices in his mind, ought to be allowed to refresh their memories by examining the lists, and to give their testimony by their aid.

2nd. That the fact that the work was done on a steamship owned by the defendants, and that the plaintiff followed the business

Morris & Co. *vs.* Columbian Iron Works & Dry Dock Co.

of building and repairing ships, did not confine the testimony to prove that the prices charged for the hardware furnished were excessive, to that of persons in the same line of business with the plaintiff. The question was whether the materials were charged at prices exceeding their value, and any evidence was competent which tended to prove their value.

3rd. That if there were any facts which would show that these materials were of greater value when furnished by the plaintiff under the circumstances of this case than they would have been if purchased from hardware dealers, the plaintiff had the right to prove these facts in evidence.

The responsibility of a defendant for work and materials, is for what they were fairly worth at the time and place, and not what two or more persons would charge for doing the work and furnishing the materials.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, ROBERTS, and MCSHERRY, J.

*Oscar Wolfe*, and *Alfred S. Niles*, for the appellants.

"Evidence of market value is the price at which the commodity could have been purchased or sold at the time of delivery." 2 *Rice on Evidence*, 1308; *Abbott's Trial Evidence*, 306 and 307; *Cliquot's Champagne*, 3 *Wallace*, 114; *Fennerstein's Champagne*, 3 *Wallace*, 145; *Laurent vs. Vaughn*, 30 *Vt.*, 90; *Lush vs. Druse*, 4 *Wendell*, 317; *The C. & T. R. R. Co. vs. Perkins*, 17 *Mich.*, 301.

It has been decided that lists, such as these, are evidence, and the best evidence of market prices. 2 *Rice on Evidence, pages* 1307 and 1308; *Cliquot's Champagne*, 3 *Wallace*, 114; *Laurent vs. Vaughn*, 30 *Vt.*, 90; *Lush vs. Druse*, 4 *Wendell*, 317; *The C. & T. R. R. Co. vs. Perkins*, 17 *Mich.*, 301; *Sisson vs. Cleveland & Toledo R. R. Co.*, 14 *Mich.*, 497; *Munshower vs. The State*, 55 *Md.*, 24.

Morris & Co. *vs.* Columbian Iron Works & Dry Dock Co.

*John N. Steele,* (with whom were *Francis K. Carey,* and *John E. Semmes,* on the brief,) for the appellee.

BRYAN, J., delivered the opinion of the Court.

The Columbian Iron Works Company sued Nelson Morris & Co. for a balance alleged to be due for work and materials. Evidence was offered tending to prove that the work was done and the materials were furnished by the plaintiff at the request of the defendants, and that the prices charged were reasonable and proper. The defendants offered to prove by a competent witness that they had shown the said work and materials to two persons of knowledge and experience, and asked them what their price would be for similar work and materials, and that they made estimates in writing, and that such estimates were much less than the prices charged by the plaintiff; upon objection by the plaintiff, the Court refused to admit the estimates in evidence, and the defendants excepted. If the witnesses who made these estimates had been produced and sworn, it would have been competent for them to testify to the value of the work and materials; but the inquiry in the case was not what the witnesses would have charged for them, and it would not have been admissible to prove this even by the witnesses themselves on the stand. The defendants were responsible for what the work was fairly worth; and the usual price paid at the time and place would be evidence of this value, but not what two or more persons would charge for doing it. A question analogous to this was decided in *Chesapeake & Potomac Telephone Company vs. Mackenzie,* 74 *Md.,* 50, where damages were claimed for the erection of a telegraph pole in the footway in front of the plaintiff's premises. It was held that it was not competent to prove by witnesses the amount which, if they owned the property, they would give not to have the pole placed where it was, or the

amount they would give to have it taken away; or by another witness, that he would be willing to pay more rent for the property, if the pole were removed, than he would pay if the pole remained.   The Court said : "The true measure of damages in such a case as this is not what a particular individual would be willing to charge for having the pole put up or remain; nor the amount some other person might consider the rental value was depreciated for the purposes of his business; but where the *land* of the plaintiff is not taken, nor his soil actually invaded, the measure of damages, as adjudged in many cases, is, either, first, the extent to which the rental or usable value of the particular property has been diminished by the trespass or injury complained of; *Baltimore & Ohio Railroad Co. vs. Boyd, et al.,* 67 *Md.,* 41; *Wood, &c., vs. State, use of White & Co.,* 60 *Md.,* 61; or, secondly, the difference in the value of the property before the construction of the pole, and its value afterwards, if the depreciation in value has been caused by the erection and maintenance of the pole. *Shepherd vs. Baltimore & Ohio Railroad Co.,* 130 *U. S.,* 426." No reason was shown why the persons who made the estimates were not produced to testify as witnesses. The evidence offered was clearly *hearsay;* it was an attempt to show that two persons had made certain statements in writing.   We have no purpose to criticise or review the cases which were cited in the argument from other jurisdictions.   We are content to say that this evidence is not admissible under the law of Maryland. We have held that entries made in the regular course of business, where the person making them had at the time no interest in stating an untruth, are admissible after his death; and the principle has been extended to a case where he has become insane; and, in *Reynolds, Adm'r vs. Manning, Stimpson & Co.,* 15 *Md.,* 510, it was applied to the case of a clerk who was a foreigner,

and who had gone to Australia, and had not been heard of for more than three years. We have acknowledged and applied the rule of evidence declared in *Price vs. Earl of Torrington*, 2 *Salk.*, 285, and have accepted the inferences justly deducible from the principle of that celebrated case. The occasion on which these estimates were made arose in the ordinary transactions of ordinary business; and under such circumstances, whatever the law may be elsewhere, we cannot consent to admit in evidence the unsworn statements of living persons who might be produced in Court as witnesses. The defendants produced two competent witnesses, who testified that they had been in the hardware business for many years, and had during all that time dealt in articles of hardware, such as those furnished in this case. They were then asked to state what was the fair retail price of certain of these articles; and they replied that they could not do so without consulting the "Lists;" they said that "these lists were schedules of prices fixed by a convention of dealers from year to year; that upon these list prices there was a discount, also fixed by said convention, and that these prices were the established prices in the trade. That there were so many articles, each differing slightly, both in the article itself and in its price, from all the others, that it was impossible for any man to carry the prices of all these articles in his mind. That when a customer came into their stores to buy any of these articles they would in most instances consult the said lists before telling the price. That they had these lists with them, and could tell the exact price by referring to said lists." The counsel for defendants told the witnesses to look at the lists, and answer the question; but the plaintiff's counsel objected, and the Court refused to allow the witnesses to look at the lists, but allowed them to answer the question as well as they were able from

their own knowledge and memory. The defendants excepted. The witnesses having testified that the prices mentioned in these lists were the established prices in the hardware trade, and that it was impossible for any man to carry them in his mind, because of their number and the many slight differences in the articles and their prices, their testimony tended to authenticate the lists, and to show a seeming necessity for admitting them in evidence. According to the testimony, these lists were promulgated by an authority which the dealers in hardware recognized and obeyed. They contained the rule or standard which definitely determined the prices at which hardware was sold. There could, therefore, be no more certain way of ascertaining these prices than to examine the lists. The witnesses testified to their correctness, and they ought to have been allowed to refresh their memories by examining them, and to give their testimony by their aid.

The work was done on the steamship Rossmore, which belonged to the defendants, and the materials were used in the prosecution of the work. The plaintiff followed the business of building and repairing ships, and it was suggested in argument as a reason why this evidence should not be admitted, that it was not competent to prove that the prices charged for hardware were excessive, except by persons in the same line of business as the plaintiff; that his right to recover could not be defeated, if his prices were about the same as those charged by others in his line of business. The question was whether the materials were charged at prices exceeding their value, and any evidence was competent which tended to prove their value. If there were any facts which would show that these materials were of greater value when furnished by the plaintiff under the circumstances of this case, than they would have been if purchased from hardware dealers, the plaintiff had the right to prove these facts in evidence.

For error in the second exception, the judgment must be reversed.

*Reversed, and*
*new trial.*