KLASS UBBINGA v. THE FARMERS' SAVINGS BANK, Appellant.

**Price of Notes:** PRESUMPTIONS An agreement to purchase "four notes," each given for a sum stated, is an undertaking to pay therefor the face value thereof.

**Savings Banks:** DEBT: *Powers.* Under McClain's Code, section 1796, authorizing savings banks to purchase notes, such a bank can

2    make a contract for the purchase of notes, assuming such a
contract to be a debt, notwithstanding a statutory provision pro-
hibiting such banks from contracting any debt except for deposits
and necessary expenses of management.

*Appeal from Lyon District Court.*—Hon. JOHN F. OLIVER,
Judge.

SATURDAY, APRIL 8, 1899.

ACTION upon a contract to purchase promissory notes.
Judgment for plaintiff, and the defendant appealed.—
*Affirmed.*

*Parsons & Riniker* and *L. Vogt* for appellant.

*E. C. Roach* for appellee.

GRANGER, J.—I.    The action is upon the following con-
tract: "We agree to purchase from you four notes, of three
hundred dollars each, made by Lewis Beldt and wife to you,
and dated January 1st, 1897, the notes to be sold to us on
the following dates: One February 1st, 1897; one July 1st,
1897; one November 1st, 1897; one December 1st, 1897,--
said notes being secured by mortgage on real estate.    Farm-
ers' Savings Bank, by O. C. Collman, Cash."    The petition
shows a breach of the contract by defendant in refusing to
purchase the notes.    It further shows a mistake in the execu-
tion of the contract, in that the agreement was that defendant
was to pay for each note the amount of the face value thereof,
and that such agreement was, by mistake, omitted from the
written contract, and plaintiff asks that the contract be so
reformed as to include such agreement, and a specific per-
formance is asked.    The answer is a denial, except as to the
corporate character of the defendant bank, and contains a
plea that the defendant is disqualified by law from
assuming such an obligation.    Most of the appellant's
argument is devoted to the sufficiency of the evidence
to warrant a reformation of the written contract, but we think

the question may be disregarded, because, under the terms of the contract as expressed, its undertaking was to pay the face value or amount of the notes. Each note expressed its value in dollars and cents, which is the measure of value, and was an obligation for the payment of so many dollars and cents. Had the notes been wrongfully converted, without evidence to change the presumption, the law would fix the damages,—which would be their value,—the amount or face value thereof. *Latham v. Brown*, 16 Iowa, 118; *Sadler v. Bean*, 37 Iowa, 439. That plaintiff understood he was to have the face value there is no doubt; and that defendant so understood, or, at least, should have so understood, there is no doubt. If the parties did not understand the agreement alike, it comes within the provisions of Code, section 4617.

II.    The law as to savings banks provides that they shall not contract any debt except for deposits and the necessary expenses of managing and transacting their business, and it is urged that the obligation in question created a debt. Another provision of the same law expressly authorizes such a bank to "discount, purchase, sell and make loans on commercial paper, notes, bills of exchange, drafts or any other personal or public securities." McClain's Code, section 1796. It will be seen that the law authorizes the purchase of notes, and if the bank has that power, it must have the right to make the agreement therefor, and it seems to us that it would be an unwarranted construction of the law to say that such an agreement might not be executory. Such a power would seem very essential in the ordinary transaction of business. It may be doubtful if the word "debt" in the statute is intended to embrace more than an express obligation to pay money; but that we do not, and need not, decide. We are clearly of the opinion that the statute authorizing the purchase of notes gives the right to make the contract in question. The judgment is AFFIRMED.