JAMES J. CONVERSE, Appellee, v. FRED MORSE, Appellant.

Contracts: PERSONAL SERVICES: OPINION EVIDENCE: SUBMISSION OF ISSUE. Where there is no conflict in the evidence the court may determine the issue; but where as in this case, which is an action for personal services involving matters arising out of an implied contract, as to which there was simply the expression of opinion on the part of the witnesses as to the reasonable value of the service, the evidence was not conclusive and this issue should have been submitted.

*Appeal from Cerro Gordo District Court.*—HON. C. H. KELLEY, Judge.

TUESDAY, NOVEMBER 21, 1910.

ACTION to recover compensation for services rendered under contract and for other items of indebtedness arising out of an implied contract. There was a trial before a jury; but at the conclusion of the evidence offered by both parties the court on plaintiff's motion directed a verdict in his behalf for $330, which was, with the exception of one small item of claim, the entire amount sued for by plaintiff. From a judgment on this verdict, defendant appeals.—*Reversed.*

*Cliggitt, Rule, Keeler & Smith,* for appellant.

*Glass, McConologue & Glass,* for appellee.

McCLAIN, J.—The principal items of plaintiff's claim were for the agreed compensation to be paid to plaintiff on account of the services of himself and a son for working on defendant's farm under a written contract. But plaintiff also claimed under an oral contract for services of another son without specification of rate of compensation to be paid, for which services plaintiff claimed that defendant was indebted at the rate of $20 per month, which was the reasonable and fair value of said services. There was a further claim for board furnished to defendant and also to threshers and men assisting in threshing, the reasonable value of which, as stated in the petition, was at the rate of about twenty-five cents per meal for the number of meals furnished. There were other items of claim which need not now be referred to, some of which were admitted by defendant and others denied. As to the claim for services of plaintiff's minor son under oral contract, the defendant denied the contract and the services and also put in issue the reasonableness of the rate of compensation claimed by plaintiff. Defendant admitted the furnishing of board by plaintiff, but denied knowledge or information sufficient to form a belief as to the number of meals or

the reasonable worth per meal. The only evidence as to the value of the services of the minor son was that of plaintiff testifying as to the circumstances of his minor son working on the farm for defendant and the usual rate of wages for such work in the locality, fixing such usual rate of $25 to $30 per month; and that of another witness who fixed the usual rate of wages of such work at $25 a month, including board, lodging, and washing, and in the case of a boy of about the age of plaintiff's minor son at $15 or $16 per month. As to the claim of board furnished, plaintiff's wife testified that the ordinary price paid for meals in the locality was twenty-five cents each.

The theory of the lower court in directing a verdict no doubt was that, if there was no conflict in the evidence, there was nothing for the jury to determine, and that a verdict otherwise than in accordance with such uncontroverted evidence would necessarily have to be set aside under the rule announced in *Meyer v. Houck,* 85 Iowa, 319, and many other, cases following that decision. And this theory was entirely justified in its application to this case so far as the facts as to the services rendered and meals provided were concerned. The court could from the evidence determine such facts in the absence of any conflict and fix the time and number, allowing in each case the minimum so far as there was uncertainty. But on questions of value, as to which there is no evidence of an agreement but only an expression of opinion on the part of witnesses qualified to speak as to reasonableness, the jury was not bound by the testimony of such witnesses, but might exercise its own judgment in view of the general knowledge which all men are presumed to have in a greater or less degree in such matters. *Helm v. Anchor F. Ins. Co.,* 132 Iowa, 177; *Hoyt v. Chicago, M. & St. P. R. Co.,* 117 Iowa, 296; *Arndt v. Hosford,* 82 Iowa, 499; *Stevens v. Minneapolis,* 42 Minn. 136 (43 N. W. 842); *Head v. Hargrave,* 105 U. S. 45 (26 L. Ed. 1028). The

court was not justified therefore in accepting as conclusive, in the absence of contradiction, the testimony of plaintiff's witnesses as to the reasonable value of the services rendered and board furnished, but should have left these questions to the jury.

For the error of the court in not submitting the case to the jury, the judgment is *reversed.*