### Elmer Wilbur v. Edward Buckingham, Appellant.

**Appeal:** CONCLUSIVENESS OF VERDICT. The appellate court will not reverse a verdict rendered upon conflicting evidence, although it might have reached a different conclusion from the evidence.

**Injury to property:** DAMAGES: EXCESSIVE RECOVERY. In an action for injury to machinery the plaintiff is entitled to recover for broken parts on the basis of their value before injury, with the necessary cost of labor for installing new parts. In this action for injury to an automobile the recovery is held greater than warranted by the evidence.

**Evidence:** PRICE LISTS: RIGHT OF WITNESS TO REFRESH HIS MEMORY. Standard price lists and market reports shown to be of general circulation and relied upon by the trade are admissible as evidence of the market value of articles therein listed and priced: So that witnesses testifying to the value of such articles may refresh their memory by reference to the price lists thereof.

**Instructions:** FINDING TO CONFORM TO EVIDENCE. An instruction that the jury should "endeavor" to be governed solely by the evidence was not prejudicial, because permitting them to go outside of the record and determine the issues upon their own knowledge, experience or information, where they were also clearly told that plaintiff could not recover except upon proof of his claim by a preponderance of the evidence, that the finding must be from the evidence, and where the nature of the case was such that the jury could not have utilized their own knowledge, except in a general way.

**Appeal:** SUFFICIENCY OF ABSTRACT: OBJECTION. An abstract will not be stricken because of failure to number the lines, where the same was filed before the adoption of rules requiring numbering. And failure to include exhibits in an abstract must be taken advantage of by denial and not a motion to strike.

*Appeal from Union District Court.*—Hon. H. K. Evans, Judge.

Tuesday, October 24, 1911.

ACTION for damages to an automobile resulted in a judgment against defendant, from which he appeals—*Affirmed* on condition of remission of part of recovery.

*Hunn & Jones* and *P. C. Winter*, for appellant.

*Jas. G. Bull*, for appellee.

LADD, J.—On April 28, 1909, plaintiff left his automobile in defendant's barn, and went to Missouri. He returned about July 1, and upon examining the machine discovered, as he testified, that it had been damaged. He demanded of defendant that he put it in as good condition as when delivered in his barn. The defendant declined to have it repaired, and insisted that the machine was in substantially the same condition as when left with him, and that, if used, this was with the plaintiff's consent. Plaintiff denied having authorized use, save by one Shatto, for purposes of demonstration. These issues were decided by the jury in favor of the plaintiff, and though we might not have reached the same conclusion, the evidence was such as to preclude interference with the verdict.

1. APPEAL: conclusiveness of verdict.

II. It is also contended that the damages allowed were excessive. Though plaintiff supposed the machine, a Ford runabout, to have been a 1908 model, it had been licensed in 1906, and he was its fourth owner after leaving the factory. Moreover, it was so worn then that he was unable to drive it to Orilla, eight or ten miles south of Des Moines, and, after procuring a machinist to assist, was compelled to ship it to Lorimer by railway. Upon reaching that place, the machinist repaired the machine, putting in a new differential gear, and, after running it about a mile, stored it as related. The plaintiff testified that, upon examining the machine about July 1, "the crank case

2. INJURY TO PROPERTY: damages: excessive recovery.

was broken, the connection rod . boxing worn, and two cylinders badly worn, and a piston head broken, the differential case was broken, and the gears worn, also the transmission. These tranmission gears were the new ones I had put in. One spring was broken, the brace was broken, and the front axle was bent backwards, so the wheels set together in front and out at the bottom." There was evidence that the cost of the new parts to replace those broken or worn would be less than $50, and that the value of the labor in replacing them and putting the machine in repair would be from $25 to $60. Plaintiff also testified that the "best tire is now in worse condition than the worst was when I got it. . . . The tires were in good condition when I bought the machine. There were no holes in them. I couldn't tell for certain when these tires were put on that machine." His brother testified that he noticed that "the tires were ruined—entirely ruined," and there was other evidence that new tires then cost $50 apiece. This was all the evidence bearing on the measure of damages, save that in behalf of defendant, tending to show that the machine was in substantially the same condition July 1 as when first placed in defendant's barn. It is manifest from this recital of the evidence that the damages proven did not amount to the $165 awarded. Even if new tires for this machine did cost $50 each (which we doubt), and three of those on it were "ruined," there was no evidence of the value of these when the automobile was placed in the barn, nor the extent they were then worn, even though in a good condition generally. Plaintiff was not entitled to the value of new tires, but of those which had been "ruined," and this is to be said of other parts. The evidence, when fairly considered, did not justify an award of more than $100 in damages.

III. Two witnesses testified to the value of the parts of the machine necessary to replace those injured. Neither was able to estimate such values without referring to and

refreshing his memory from a printed catalogue of prices issued by the Ford Motor Company, and on

3. EVIDENCE: price lists: right of witness to refresh his memory.

this ground their competency to testify was challenged. It appeared that such parts could be procured from that company or its branch houses only, being manufactured for use in its particular auto models, and that in ascertaining the cost of parts thereof resort was ordinarily had to this catalogue. One of the witnesses, over objection, was allowed to consult the catalogue, and whether the other did does not appear. Standard price lists and market reports, shown to be in general circulation and relied on by the commercial world and by those engaged in trade, are admissible as evidence of market values of articles of trade. *Duer v. Allen,* 96 Iowa, 36; *St. Louis & S. F. R. Co. v. Pearce,* 82 Ark. 353 (101 S. W. 760, 118 Am. St. Rep. 75); *Sisson v. Railway Co.,* 14 Mich. 496 (90 Am. Dec. 252); *Nash v. Classen,* 163 Ill. 409 (45 N. E. 276); *Mt. Vernon Brewing Co. v. Teschner,* 108 Md. 158 (69 Atl. 702, 16 L. R. A. (N. S.) 758); *Chicago, B. & Q. R. Co. v. Todd,* 74 Neb. 712 (105 N. W. 83); *Mosley v. Johnson,* 144 N. C. 257 (56 S. E. 922); 3 Wigmore, section 1704.

The evidence disclosed that the catalogue or price list was of parts manufactured especially for particular machines, i. e., those of the Ford Motor Company, that it was printed for use of the trade generally, and we think it was competent for the witness to refresh his memory therefrom, and testify as to the cost of the several articles. He could not be expected to remember the prices of a large number of articles, and for this reason might well have been permitted to refresh his memory. *Nelson, Morris & Co. v. Columbia Iron Works & Dry Dock Co.,* 76 Md. 354 (25 Atl. 417, 17 L. R. A. 851). There was no error in receiving the evidence.

IV. In the last part of the sixth paragraph of the charge, the court instructed the jury that "all evidence

should be considered, together with all the facts and circumstances shown on the trial; and the jury should endeavor to be governed solely by the evidence introduced before them for the

**4. INSTRUCTIONS: finding to conform to evidence.**

purpose of determining, honestly and dispassionately, the very truth of the matters at issue." Exception is taken to the use of the word "endeavor" for that, as is contended, it inferentially permitted the jury to go outside of the evidence and draw "upon their own knowledge or experience for information, fancied or real, as a basis for their verdict." Undoubtedly the words "endeavor to" should have been omitted, but no prejudice could have resulted from their use. The jury had been told in two previous instructions that before plaintiff could recover, he must prove his claim by a preponderance of the evidence, and in the fourth and fifth instructions that the finding of the jury must be from the evidence. Moreover, the nature of the case was such that the jury could not well have utilized information, other than their general knowledge of the construction of automobiles, for the issues related to the condition of a particular machine when placed in defendant's barn, and some months later, and the extent of the damages thereto. The error was not prejudicial.

V. Appellee moved to strike appellant's abstract, for that (1) the lines were not numbered, and (2) certain exhibits were not included. As the abstract was filed before the rules required the lines to be numbered, and as the objection that the abstract did not contain all the record essential to a

**5. APPEAL: sufficiency of abstract: objection.**

decision can only be raised by specific denial, the motion is overruled. Section 4118, Code. If appellee shall file a remittitur of $65 of the amount allowed within thirty days, the judgment will be *affirmed;* otherwise, *reversed.*