John H. Parnham, Appellee, v. F. R. Weeks, Administrator,
et al., Appellants.

**WILLS:** Conditional Devises. A will may make a devise condition-
al on the surrender by the devisee of contract rights existing be-
tween the devisor and devisee. Will reviewed, and held not to
show such condition.

**CONTRACTS:** Equitable Reduction of Contract Right. The right
of a lessee of land to receive from the lessor's estate the value
of permanent improvements placed on the land by lessee, *pro-
vided lessee is not made a devisee of the land by lessor*, may not
be reduced because lessee is made such devisee of *other* lands
of lessor, but will be *equitably* reduced in case lessee becomes
a devisee of *part* of the leased land,—a ratable reduction which
will not necessarily be in the proportion that the acreage de-
vised bears to the acreage leased.

**EQUITY:** Abrogation of Contracts. Equity may not arbitrarily
abrogate contracts.

*Appeal from Audubon District Court.*—J. B. Rockafellow,
Judge.

February 17, 1919.

The appellee made a claim upon the estate of his father,
George Parnham, for money expended in making perma-
nent repairs and improvements upon certain lands leased
to claimant by his parents in their lifetime. The trial court
allowed him less than he claimed, but he does not appeal.
Certain heirs at law have appealed from the allowance that
was made.—*Reversed and remanded.*

*Mantz & White*, for appellants.

*J. M. Graham, Joe H. Ross*, and *S. C. Kerberg*, for ap-
pellee.

Salinger, J.—I. A tract of 100 acres, to which the
mother of appellee had title, was leased to him by written

contract entered into with his parents.  The contract pro-
vided that he should, in certain circum-

**1. WILLS: con-
ditional de-
vises.**

stances, be repaid from the estate of his par-
ents, or that of the parent surviving, for any
permanent repairs or improvements made by him upon said
lands.  The mother died testate.  The father refused to take
under her will.  Upon the death of the father, appellee filed
the claim, the partial allowance of which is for review on
this appeal.  One defeasance provision in the contract is
that payment shall not be made if the leased land becomes
the property of the lessee by devise from the lessor.  An
interest in the leased land was devised to claimant by the
will of his mother, and we gather that he has accepted the
same.  Appellants contend that, so, an election has been
effected as between two gifts; that appellee's claim rests on
the contract; that, having taken under the will, he may
not assert his contract; and that, therefore, it was error to
allow him anything on his claim.  Of course, a will may
put the owner of contract rights to a choice between the
provisions of such will and the enforcement of such con-
tract rights.  A testator may say that, while he has bar-
gained that his estate shall pay for improvements made by
his son, a bequest to the son shall not become effective un-
less his contract rights be relinquished; and if the devisee
accepts the testamentary provision, his right to recover on
the contract is lost.  But the question remains whether the
will which appellants claim tenders such an election, does
so.  So far as material to this point, the will provides that
claimant and his brother Charles shall have a stated inter-
est in lands, and that claimant shall pay half of certain
bequests made to grandchildren.  This requirement to pay
gives no support to the claim that appellee is entitled to
nothing for having made permanent improvements.  Touch-
ing improvements, the will declares that "the improvements
which are permanent, and which have been placed on said

real estate by John Parnham, are his property, and shall be paid for before the division between him and his brother Charles," and "said improvements and payments to be made a charge and lien upon my real estate." Clearly, this is not a statement from which it may be deduced that the land devised should not pass unless the contract right to be paid for improvements is given up. On the contrary, it is an affirmative declaration that the contract rights shall be preserved, despite the acceptance of the devise. If it was intended that such right should end on acceptance of the lands devised, it was idle for the will to declare that such improvements were and were to be the property of John. Without the will, they were his property. And if he accepted lands upon which he had placed these permanent improvements, of course the improvements would still be his property. If testator intended that no payment for the improvements should be made, should the provisions of the will be accepted, why should the will declare that payment shall be made, and that the lands shall be charged with a lien for the payment?

We hold there was no election, and therefore overrule the claim of the appellants that nothing should have been allowed the claimant.

II. The tract covered by the contract contains 100 acres. By devise *and* by inheritance, appellee has become the owner of 88 acres, of which his mother died seized, and 40 acres of this 88 is included in the 100-acre tract with

2. Contracts: equitable reduction of contract right.

which the contract deals. Appellants contend the allowance made below should be scaled in the ratio that 88 bears to 100, and that the most that should be allowed appellee, in any event, is 12 per cent of the allowance the trial court made. It is argued that this reduction is warranted by an application of the maxim that equity regards substance, and not form. This contention ignores the contract provision that the im-

provements shall be paid for unless the property "hereinbe fore described shall become the property of second party. either by conveyance from first parties or by devise." Equity

3. EQUITY: abrogation of contracts.

may not arbitrarily abrogate contracts. Under the contract, a defeasance must rest upon the son's becoming owner of land described by the contract, and the ownership must be created either by conveyance from the parents or by devise from them or either of them. Lands other than those described in the contract are, of course, not lands "hereinbefore described" therein. A title by inheritance is not a title created either by conveyance or devise. Therefore, we hold that the allowance made appellant may not be reduced because he has become the owner of lands other than those described in his contract, nor because he has become owner of lands described in the contract, but otherwise than by devise.

III. But that does not settle that no reduction should be made from the allowance by the court. That allowance is the utmost that appellee may have, for he has not appealed. The question is whether the allowance should not have been reduced because appellee was devised an interest in the lands described in the contract. At this point, the appellant claims there should be a deduction in the proportion that the contract land devised bears to all the contract land. The contract land is 100 acres. If all of it had been conveyed or devised, then, under the contract, nothing would be due claimant. He has title by devise to one third of this 100 acres. While it is not the contract that the right to be paid for improvements should be extinguished in whole if *any* 100 acres were devised, or, *pro tanto*, if *any* fractional part of *any* 100 acres were devised, we are of opinion that, under agreement that the claim shall be extinguished "after the premises hereinbefore described shall become the property of the second party, either by conveyance from first

parties or by devise," some relief is due, even though but part of the premises in question was devised. The underlying thought of the contract is that claimant shall be paid nothing for permanent improvements if it shall transpire that the improvements have merely.added to the value of what, by action under the contract, becomes his own land. Under the contract, it was within the power of the mother to prevent any of this land from becoming the property of claimant, either by conveyance or by devise from her. If she neither conveyed nor devised, the permanent improvements would be on land owned by someone other than claimant, and it was intended that, in that event, he should be paid for such improvements. If all this land became the property of the claimant by conveyance or devise from the mother, nothing should be paid him for improvements. Why was it not the intention, then, that, if part of the land became his by such conveyance or devise, that repayment for improvements should be scaled? We think that was the intention, and hold that, from the sum found due the claimant, there should be a ratable deduction, on account of the fact that an undivided third of the land in question was devised to claimant. The record does not enable us to say what would be a ratable reduction, and we are not minded to hold that it must necessarily be in the proportion that the land devised bears to the whole 100 acres. The whole tract might be in such condition, and the improvements so centered upon a part of the tract, as that obtaining such third interest would not necessarily mean that the value of the undivided third interest has been bettered by the improvements in a sum equal to one third of their cost. The cause is remanded, for the. purpose of ascertaining with how much appellee should equitably be charged on account of said one-third interest. When this is ascertained, such sum is to be deducted from said allowance as it stood when the appeal was perfected. This holding is not in conflict with the rule

that a condition subsequent must be strictly performed as the contract provides (9 Cyc. 600, 601), and that part or defective performance of such condition will not suffice.

IV. The remaining contention is that it was error to allow claimant some $121 for lumber purchased by claimant of one Weighton, because he had not paid therefor, but had made payment from funds in his hands as the executor of his mother. This is a question of fact. If claimant did not pay this bill, if someone else furnished this much of the improvements, appellee may not be allowed for it. The items in question are of date March 18, 20, 22, and 27, and April 5, 1909. The record shows an Exhibit No. 8, a claim made by Weighton against John Parnham, executor of the estate of Millicent Parnham, deceased. In substance, it sets forth the items which were allowed the claimant. The claim made by Exhibit 8 was paid and satisfied on the 18th of January, 1910, by a check made to the clerk of the courts, and signed by John H. Parnham, executor, in the sum of $121.20. It is not denied that the bill was paid in this way; but it is claimed that funds which John H. Parnham, executor, had on hand in the First National Bank of Audubon at this time, and which were there in his name, as executor, were, in truth, his own private funds. Appellee asserts he borrowed $1,150 with which to pay this claim, among others, and that he borrowed it on his own note. But he testifies he signed this note as executor, as well as in his individual capacity. His third annual report, as executor, shows that this $1,150 was borrowed on December 8, 1911, but the bill in question was paid by this check on January 18, 1910. The first annual report, which covers from October, 1909, to October 24, 1910, shows that, at this time, the executor had a balance on hand of some $318.15. This report seems to have been filed on the 14th of December, 1910. It exhibits no claim that money has been borrowed. It is all made up of cash on hand at date of death, and from

rents. And rents may be appropriated to pay debts of the estate. Code Section 3334. If it be conceded that one third of these rents should be credited to the estate of the father, yet the executor had on hand then a balance of more than $50. We agree with appellee that an approval of an annual or intermediate report by an executor is not such an adjudication of the matters therein involved as will prevent the correction of mistakes in such report. But, though this is so, statements made in and conditions exhibited by such report may be evidence against the executor who made such report. We are of opinion that this item should not have been allowed, and direct that it be deducted from what remains after reduction made on account of the one-third interest in the contract land acquired by devise. The costs in this court will be paid by appellee.—*Reversed and remanded.*

LADD, C. J., EVANS and PRESTON, JJ., concur.