IN RE ESTATE OF NANNIE B. MANNING.

No. 41207.

October 25, 1932.

Rehearing Denied February 14, 1933.

H. B. White and McBeth & Stong, for S. W. Manning, appellant.

McCoid, McCoid & McCoid and G. R. Buckles, for appellee H. E. Duckworth, Trustee.

Ralph H. Munro, for the appellee W. G. Heaton, Administrator.

Kindig, J.—Edwin Manning, the husband of Nannie B. Manning, founded the Manning Savings Bank, a private institution located in Keosauqua. After Edwin Manning died, S. W. Manning, his son, the appellant, claims to have procured the bank from his

mother, Nannie B. Manning, and the Edwin Manning Estate. Nannie B. Manning died testate on June 10, 1919, and her son, S. W. Manning, was appointed executor of her estate. He duly qualified and until the year 1929 continued to act as such. While S. W. Manning thus acted as executor of his mother's estate, he conducted the Manning Bank until it closed on November 21, 1928.

Following the closing of the bank, the appellant, the sole owner thereof, was declared an involuntary bankrupt in the Federal court. The appellee, H. E. Duckworth, was duly appointed, and later became the qualified and acting, trustee of the bankrupt's property. During the time the appellant was executor of his mother's estate, he filed various inventories in which he declared that the following, among other properties, belonged to the estate, to wit: First, $4,850 in United States government bonds; second, 145 shares of the capital stock of the New York Central & Hudson River Railroad Company; and, third, a deposit of $4,956.25 in the Manning Bank.

Later, on August 13, 1929, the executor filed an additional report in which it appears that he did not account for all the property belonging to his mother's estate. Objections thereto were filed by the appellees, H. E. Duckworth, trustee in bankruptcy for the property of the appellant, and the appellee W. G. Heaton, administrator with the will annexed of the Nannie B. Manning Estate. S. W. Manning, the appellant, resigned his position as executor of his mother's estate some time before the August term of the district court in the year 1929, and thereafter the appellee W. G. Heaton became administrator with the will annexed. In addition to the objections filed to appellant's report of August 13, 1929, the appellees also asked for an accounting.

Then on October 25, 1930, the appellant filed what he termed an amendment to his report of August 13, 1929. Therein for the first time the appellant claims that his mother was indebted to him and his private bank, and that before her death she orally agreed that the New York Central Railway stock and the government bonds should be, and were, assigned to the appellant. There was no written assignment either on the instruments or otherwise. Upon those issues the matter proceeded to trial October 28, 1930, and on that date the district court gave the appellee W. G. Heaton, administrator with the will annexed, judgment against the appellant for the following four items: First, for the immediate delivery of the aforesaid United States government bonds, and in lieu of such delivery $4,850 and

interest in cash; second, for the immediate delivery of the New York Central & Hudson River Railroad Company stock, and in lieu thereof a sum in cash equaling $141 per share for the 145 shares, plus interest; third, for the quarterly dividends on said stock; and fourth, $4,956.25 in cash, together with interest. From that judgment, the appellant appeals.

█ I. Complaint in the first place is made by the appellant because the district court allowed the appellee W. G. Heaton, administrator with the will annexed, judgment for the items above enumerated.

The record indicates that there is substantial evidence upon which to sustain the action of the district court. Within the various reports filed by the appellant before August 13, 1929, the United States government bonds, railroad stock, and bank deposit are mentioned as assets of the Nannie B. Manning estate.

"Statements made in and conditions exhibited by such report may be evidence against the executor who made such report." Parnham v. Weeks, 185 Iowa 455, reading on page 461; In re Estate of Mowrey, 210 Iowa 923, local citation, 930; 23 Corpus Juris, p. 1166, Sec. 383. See also Beery v. Glynn, 214 Iowa 635.

█ While it is true that intermediate reports may be corrected when the final report is presented (Ryan v. Hutchinson, 161 Iowa 575, local citation 590), yet when there are inconsistencies between the final report and previous reports, the burden of sustaining the final document rests upon the executor. In re Estate of Eschweiler, 202 Iowa 259; In re Estate of Mowrey (210 Iowa 923, local citation 929), supra; In re Moe's Estate, 213 Iowa 95. Consequently the aforesaid admissions contained in the preliminary reports are material admissions against the executor, and therefore constitute substantial evidence supporting appellees' claim. See Beery v. Glynn, 214 Iowa 635, supra, and other cases above cited. No evidence was introduced by the appellant to sustain the final report or the amendment thereto.

█ In view of the fact, therefore, that the appellee administrator with the will annexed presented substantial evidence to the district court, this court cannot interfere with that tribunal's finding because the cause here is not triable de novo. In re Mowrey Estate (210 Iowa 923, local citation 930), supra; Chamberlain v. Fay, 205 Iowa 662, local citation 666; In re Estate of Baumhover, 151 Iowa 146; In re Estate of Clark, 151 Iowa 511.

750

■ II. But it is said by the appellant that he was not permitted to introduce into the evidence his aforesaid report of August 13, 1929, and the previously named amendment thereto, dated October 25, 1930. Neither the report nor the amendment was signed by the appellees or any heir or beneficiary of the estate. On the other hand, these reports consisted of the self-serving declarations of the appellant. Moreover, the reports contain matters which, if admitted into the evidence, would violate Sections 11257 and 11258 of the 1931 Code, prohibiting a witness from testifying in his own behalf "to any personal transaction or communication between such witness and a person at the commencement of such examination deceased."

It is related in the report, as amended, that there was a transaction between the appellant and his mother, Nannie B. Manning, during her lifetime whereby the latter orally agreed that the former might have the government bonds and railroad stock in satisfaction of certain alleged debts. An attempt is made by the appellant in the said reports to tell the district court of the aforesaid personal transactions with the deceased. When this matter was presented to the district court, it suggested to the appellant that part of the exhibits were inadmissible, but that other portions thereof might be admissible. No offer of any portion of the reports was thereafter made by the appellant. He stated through his attorney, however: "I don't care whether it goes in or not." Perhaps the report was proper as such, and also could stand as a pleading in the cause, but that fact did not transform it into evidence to be offered at the trial, contrary to the rules of evidence.

Under all the circumstances, then, the district court did not err in refusing to admit these reports.

■ III. Likewise it is said that the district court wrongfully excluded appellant's offer to introduce another exhibit into the evidence. This exhibit was the claim of the appellee H. E. Duckworth, trustee in bankruptcy, against the estate of Nannie B. Manning. Apparently the trustee in bankruptcy contended that Nannie B. Manning was indebted to the Manning Savings Bank. Clearly, however, the district court properly excluded that exhibit because it was a mere ex-parte statement of a claim. The trustee in bankruptcy himself did not appear as a witness, and there is nothing in the record to indicate upon what the aforesaid claim is founded. There is nothing to show the materiality and relevancy of this claim, and

under the whole record it cannot be said that the district court wrongfully excluded the exhibit.

██ IV. Furthermore, it is asserted by the appellant that the district court should have allowed his claim for an alleged over draft on the bank made by Nannie B. Manning during her lifetime. At no time ·did the appellant file such claim with the estate, and therefore there was no opportunity for an impartial administrator to pass upon the same. Moreover, the appellant has furnished no evidence to sustain such claim, and therefore there is no basis in the record upon which the court could allow the same.

██ V. It is also contended by the appellant that the district court should have stricken all evidence concerning the value of the New York Central & Hudson River Railroad stock. A witness testified concerning market quotations of this stock as set forth in certain newspapers. Whether that was admissible we do not decide, because the appellant and the appellees conceded in open ·court that the railroad stock was quoted at 141¼. That is the amount fixed by the district court. Hence, the appellant was in no way prejudiced by the testimony of the witness.

██ VI. Finally, the appellant argues that the district court erred in fixing the market value of the government bonds at $2.50 above par. W. G. Heaton, the administrator with the will annexed, as a witness, testified, over appellant's objection, that the bonds were worth the amount fixed by the district court. These government bonds, upon their faces, indicated the par value. Consequently there is a presumption that they are worth their face value. Leonard v. Sehman, 206 Iowa 277, local citation 281. So the witness's testimony to the extent of the par value named by him simply corroborated the aforesaid presumption. It is then only on the value above par that the testimony of the witness stands without corroboration.

There is evidence in the record sustaining the finding of the district court in reference to the value of these bonds. The witness Heaton, as before explained, testified regarding that. An objection was made by appellant to this testimony because the witness had not shown himself qualified. According to the record, the witness declared that he had knowledge of the value because he had read certain reliable papers and journals (10 Ruling Case Law, pages 955-6, Sec. 128), containing the market quotations of the bonds. See also Duer v. Allen & Son, 96 Iowa 36; Wilbur v. Buckingham, 153 Iowa 194. Then there having been shown "some qualification"

752

of the witness "to answer as to value, his evidence was properly received." Frick v. Kabaker, 116 Iowa 494, local citation 506. In this matter the trial court had a judicial discretion, and under the record it cannot be said that the same was not properly exercised. Sadler v. Bean, 37 Iowa 439.

Wherefore, the judgment of the district court should be, and hereby is, affirmed.—Affirmed.

STEVENS, C. J., and EVANS, FAVILLE, DE GRAFF, ALBERT, WAGNER, CLAUSSEN, and BLISS, JJ., concur.